**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Myfanwy Patricia Ioli,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Zimmer Holdings, Inc., et al.,<br><br>　　　　Defendants. | No. CV-14-00245-PHX-PGR<br><br>(Mar.Cty.Sup.Ct. CV2014-002271)<br><br>ORDER OF REMAND |

Pending before the Court is Plaintiff's Motion for Remand (Doc. 10), wherein plaintiff Ioli seeks to have this medical device product liability action remanded to the Maricopa County Superior Court for lack of subject matter jurisdiction, and Defendant Arizona Spine and Joint Hospital LLC's Motion to Dismiss (Doc. 11), wherein it seeks to have this action dismissed as to it pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Having reviewed the parties' memoranda, and being aware that this action has not yet been transferred by Multi-District Litigation Panel to the Zimmer MDL action, the Court finds that it lacks subject matter jurisdiction over this action and that this action must be remanded.[1]

---

[1] While defendants Zimmer Holdings, Inc. and Zimmer, Inc. have requested oral argument on the motion to remand, the Court concludes that oral

The plaintiff alleges in her complaint that she underwent two total hip replacement surgeries at defendant Arizona Spine and Joint Hospital, LLC ("Hospital") wherein she had an artificial hip replacement device, a Durom Cup, implanted in both of her hips. She alleges that she subsequently had to have the Durom Cups removed due to medical problems they caused her. She claims that the Durom Cup is a defective and unreasonably dangerous product under the governing Arizona products liability law. She seeks to hold defendants Zimmer Holdings, Inc. and Zimmer, Inc. (collectively "Zimmer") strictly liable as the designer, manufacturer, seller and distributor of the Durom Cup. She also seeks to hold the Hospital strictly liable as a seller of the Durom Cup on the basis that she purchased the Durom Cups from the hospital as part of her surgeries, making the Hospital the final step in the chain of commerce that delivered the product to her.

Zimmer removed this action solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441 notwithstanding that it is undisputed that the Hospital, which did not join in the removal and has not consented to the removal, is a non-diverse defendant because it, like the plaintiff, is a citizen of Arizona. Zimmer argues in both its notice of removal and in its opposition to the plaintiff's remand motion that the Hospital's non-diverse citizenship must be disregarded for diversity purposes because the plaintiff fraudulently joined the Hospital as a defendant inasmuch as the plaintiff cannot state a products liability claim against it under Arizona law.

While it is settled law that a fraudulently joined non-diverse defendant will not defeat removal on diversity grounds, Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998), there is both a strong presumption against removal jurisdiction

---

argument would not significantly aid the decisional process.

and a general presumption against fraudulent joinder, Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir.2009). Zimmer, as the removing party, bears the heavy burden of establishing that the plaintiff's complaint fails to state a products liability claim against the Hospital and that the "failure is obvious according to the settled rules of the state." *Id.* at 1043. In making this determination, the Court must resolve all doubts against removal and any uncertainties as to the current state of the controlling Arizona product liability law in favor of the plaintiff. Bertrand v. Aventis Pasteur Laboratories, Inc., 226 F.2d 1206, 1212 (D.Ariz. 2002). This standard is more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Rule 12(b)(6).[2] Hartley v. CSX Transportation, Inc., 187 F.3d 422, 424 (4th Cir.1999).

The gist of Zimmer's position is that this Court has diversity jurisdiction over this action because the Hospital, as a provider of medical services, cannot as a matter of Arizona law be reasonably considered to be a "seller" of the allegedly defective Durom Cups implanted into the plaintiff.[3] The plaintiff argues that a

---

[2] Notwithstanding that it did not file a response to the motion to remand, the Hospital argues in effect in its reply to its motion to dismiss that the Court should resolve its motion prior to resolving the remand motion. The Court cannot do so. A decision granting a Rule 12(b)(6) motion is one on the merits of the action, which the Court cannot reach without first determining that it has subject matter jurisdiction over this action. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998) (Supreme Court, in rejecting the doctrine of hypothetical jurisdiction that some courts had adopted to resolve contested questions of law when their jurisdiction was in doubt, held that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.)

[3] Under Arizona law a "products liability action" can be brought "against a ... seller of a product for damages for bodily injury ... caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly,

- 3 -

remand is required because Arizona law is not so settled as to this issue as to make it obvious that she cannot state a products liability claim against the Hospital. The Court agrees with the plaintiff.

As both defendants clearly concede, no Arizona court has directly addressed the issue of whether a hospital can be held strictly liable for alleged defects in medical devices that are used in medical procedures. The defendants argue instead that existing Arizona products liability-related case law strongly suggests that Arizona courts would adopt the approach adopted by the large majority of other jurisdictions that hold that hospitals are not sellers of medical implant devices for product liability purposes. While the defendants may be correct as to the ultimate lack of merits of the plaintiff's claim, the Court's duty at this time is not to determine the merits of the plaintiff's claim but only to determine if there is any non-fanciful possibility that the plaintiff's claim against the Hospital could survive a motion to dismiss under settled Arizona law existing at the time of removal. *See* Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380-81 (11th Cir. 1998) ("In a fraudulent joinder inquiry, federal courts are not to weigh the merits of plaintiff's claim beyond determining whether it is an arguable one under state law.") (Internal quotation marks omitted). Speculating as to whether Arizona courts may or may not adopt the majority position in the future regarding the Hospital's alleged liability is not part of that determination. *See* Macey v. Allstate Property and Casualty Ins. Co., 220

---

testing, packaging, labeling, sale, use or consumption of any product, the failure to warn or protect against a danger or hazard in the use or misuse of the product or the failure to provide proper instructions for the use or consumption of any product." A.R.S. § 12-681(5). A "seller" for purposes of a products liability action is "a person or entity, including a wholesaler, distributor, retailer or lessor, that is engaged in the business of leasing any product or selling any product for resale, use or consumption." A.R.S. § 12-681(9).

F.Supp.2d 1116, 1118 (N.D.Cal.2002) ("When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities.")

The Court concludes that Zimmer has not met its heavy burden of demonstrating that Arizona law clearly immunizes hospitals from strict liability under the circumstances present here. Although the types of parties who may be strictly liable under Arizona law are certainly limited, the possibility that the Hospital meets the definition of a seller under A.R.S. § 12-681(9) is not clearly foreclosed by the case law cited by the defendants. Rather than adopting a precise definitional usage of the term "seller" for purposes of product liability actions, Arizona courts define the term in accordance with the justification for imposing strict liability, which is "risk/cost spreading to those parties in the distribution chain that are best able to both bear the cost and protect the consumer from defective products." Antone v. Greater Arizona Auto Auction, Inc., 155 P.3d 1074, 1076 (Ariz.App.2007). For this reason, the Arizona courts have expanded the definition of a seller to include a variety of enterprises that do not fit a common notion of seller. *Id.* While strict liability will not be imposed an entity that bears no causal connection to the production or distribution of a defective product, *id.*, such a participatory connection is present here to the extent that the plaintiff alleges in her complaint that the Hospital was involved with the distribution of the allegedly defective Durom Cups because she purchased them from the Hospital. Whether the Hospital's involvement with the Durom Cups turns out to be a sufficiently significant participation in the stream of commerce for

strict liability purposes remains to be decided.[4]

The bottom line here is that Zimmer has, at best, established that the plaintiff's strict liability claim against the Hospital is likely doubtful under existing Arizona law. But given the rule that all ambiguities and uncertainties in state law must be resolved in favor of the plaintiff in resolving a motion to remand, the Ninth Circuit has made it clear that "[i]n borderline situations, where it is doubtful whether the complaint states a cause of action against the resident [and non-diverse] defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir.1944). Because the Court cannot conclude with the requisite certainty that the plaintiff cannot state a products liability claim against the Hospital, the Court concludes that the Hospital is not a fraudulently joined defendant and that its presence in this action defeats the Court's diversity of citizenship jurisdiction. See Snyder v. Davol, Inc., 2008 WL

---

[4] The defendants also argue that even if existing Arizona law does not dictate the dismissal the plaintiff's claims against the Hospital, that claim should be dismissed based on Restatement (Third) of Torts: Products Liability, § 20, cmt. d. which states that "in a strong majority of jurisdictions, hospitals are held not to be sellers of products they supply in connection with the provision of medical care, regardless of the circumstances." The defendants have not cited to any Arizona case that has specifically adopted this Restatement comment and the Court cannot say with the requisite certainty that the Arizona courts will do so. While Arizona courts generally follow the Restatement in the absence of controlling Arizona when they deem it good legal authority, they "do not follow the Restatement blindly ... and will come to a contrary conclusion if Arizona law suggests otherwise." Powers v. Taser International, Inc., 174 P.3d 777, 782 (Ariz.App.2007). When it comes to strict liability actions, Arizona courts have not always followed the Restatement. For example, the Arizona courts have rejected the Restatement's limited definition of "seller" for strict liability purposes in favor of a broader definition. Grubb v. Do It Best Corp., 279 P.3d 626, 628 fn.2 (Ariz.App.2012) ("Because Arizona has defined 'seller' more broadly by statute and common law, ... we will not follow this portion of the Restatement [(Third) of Torts: Products Liability § 20(a)]."

113902, at *7 (D.Or. Jan. 7, 2008) (In a removed diversity-based products liability claim involving an allegedly defective hernia patch, the removing defendants argued that the non-diverse, resident defendant medical facility where the hernia repair was performed was a fraudulently joined defendant because it was not a "seller" of the patch for purposes of Oregon strict products liability law. The Court held that the plaintiffs' motion to remand for lack of diversity jurisdiction had to be granted notwithstanding that the clear weight of authority from other jurisdictions supported the defendants' position because there were uncertainties in the controlling state law inasmuch as there had not been any "definitive ruling from any Oregon appellate court as to the viability of a strict products liability claim against a hospital for an allegedly defective device implanted during the course of a procedure at the hospital facilities.")  Therefore,

IT IS ORDERED that no ruling is made as to Defendant Arizona Spine and Joint Hospital, LLC's Motion to Dismiss (Doc. 11) and the Court leaves that motion to be resolved by the Maricopa County Superior Court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Remand (Doc. 10) is granted and that this action is remanded to the Maricopa County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

DATED this 22nd day of April, 2014.

Paul G. Rosenblatt
United States District Judge